IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin Lee Weber,<br><br>              Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>             Respondents. | No. CV-14-0317-PHX-NVW (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE NEIL V. WAKE, U.S. DISTRICT JUDGE:

    Kevin Lee Weber filed a Petition and Amended Petition for Writ of Habeas Corpus challenging his convictions, pursuant to a plea agreement, in Maricopa County Superior Court for one count of burglary. His habeas petitions allege that he received ineffective assistance of counsel and was subject to double jeopardy, an excessive sentence, and malicious prosecution. Respondents contend that his petition is untimely. As explained below, the Court recommends that Weber's petition be denied and dismissed with prejudice.

**BACKGROUND**

    Following his June 2008 arrest, the State charged Weber with one count of burglary in the third degree, a class 4 felony. (Doc. 16, Exs. A, B, C, D, E, F, G, H, I) In June 2009, the Superior Court conducted a settlement conference where Weber was represented by a lawyer from the Maricopa County Public Defender's Office, and private counsel who appeared as associate defense counsel under *Knapp v. Hardy*, 111 Ariz. 107,

523 P.2d 1308 (1974).  (Doc. 16, Exs. J, K)  Weber first indicated that he wanted to accept the State's plea offer but during the ensuing change of plea colloquy, Weber indicated that he did not want to waive his right to a trial.  (Doc. 16, Ex. K)  In response to this statement, the Court set a trial date.  (*Id*.)

During the August 2009 trial management conference, Weber was represented by counsel and *Knapp* counsel and stated, "I really don't want to go to trial, though, Your Honor."  (Doc. 16, Exs. L, OO at 9:16-17)  After a recess, the parties announced that they had negotiated a plea deal.  (Doc. 16, Ex. OO at 9-10)  Weber confirmed that he understood that he had "an absolute right to continue to plead not guilty," and to proceed to trial.  (*Id*. at 12:3-4)  The Court then proceeded to list all of the rights that Weber was giving up by pleading guilty.  (*Id*. at 12:7-25)  Weber asked a question about post-conviction relief and, after the Court answered, he confirmed that he understood the rights he was giving up and wanted to plead guilty.  (*Id*. at 13:1-12)  After hearing the factual basis for the plea, the State asked the Court to inform Weber that he was entitled to a hearing to prove his two prior felony convictions beyond a reasonable doubt.  (*Id*. at 15-16)  The Court did so and then Weber confirmed that he understood the rights he was giving up by admitting to the prior convictions.  (*Id*. at 16-17)  The Court found that Weber had knowingly, intelligently, and voluntarily admitted to the burglary charge and that he had voluntarily and knowingly admitted to the two prior felony convictions.  (*Id*. at 18:10-16)

On September 25, 2009, Weber was represented by counsel and *Knapp* counsel for sentencing.  (Doc. 16, Exs. N, PP at 1)  Weber asked the Court to appoint a new lawyer and go to trial.  (Doc. 16, Ex. PP at 1:20-21)  The Court noted that he had already twice changed his mind at the "very last second" about whether he wanted to take a plea or go to trial, and denied his request.  (*Id*. at 4:13-25)  Following testimony from a character witness for Weber, the Court sentenced Weber to a mitigated sentence of 9 years.  (Doc. 16, Ex. N)

On October 22, 2009, Weber filed a Notice of Post-Conviction Relief and he was appointed counsel. (Doc. 16, Exs. O, P) On March 3, 2010, Weber's counsel notified the Court that he was unable to raise any viable claims and would not file a Petition. (Doc. 16, Exs. Q, R) Over the next few months, Weber filed a series of motions to obtain transcripts from his bond revocation hearing, to request an extension for filing his Rule 32 petition, for appointment of new counsel, and to file an amended petition. (Doc. 16, Exs. S, T, U, W, X) The Court denied his requests for transcripts and new counsel, and granted his request for leave to file an amended petition. (Doc. 16, Exs. Y, Z, AA) Accordingly, in December 2010, Weber filed a First Amended Petition for Post-Conviction Relief. (Doc. 16, Ex. BB) After full briefing, the Court denied Weber's First Amended Petition on May 18, 2011. (Doc. 16, Exs. CC, DD, EE) Specifically, the Court found that Weber failed to establish a colorable claim for relief because he did not show that his counsel should have requested and obtained a psychiatric or mental competency evaluation or that they should have more thoroughly investigated his mental competency before his change of plea. (Doc. 16, Ex. EE)

On December 22, 2011, Weber moved to file a delayed petition for review and, on December 30, 2011, he filed a Second Petition for Post-Conviction Relief. (Doc. 16, Exs. FF, GG) On January 24, 2012, Weber moved to withdraw his request to file a delayed petition for review and he also filed a Notice of Post-Conviction Relief. (Doc. 16, Exs. HH, II) Seemingly without seeing Weber's filings,[1] the Court dismissed Weber's Second Petition and, based on the returned mail in the Court's file, gave him until March 2, 2012, to file a petition for review of the dismissal of his First Amended Petition for Post-Conviction Relief. (Doc. 16, Exs. JJ) On February 16, 2012, Weber moved for reconsideration of the Court's dismissal of his Second Petition and filed a second motion requesting a transcript of his June 2009 hearing. (Doc. 16, Exs. KK, LL) It appears that the Superior Court did not rule on either motion. (Doc. 16, Ex. QQ)

---

[1] The Superior Court's order of dismissal was entered on January 31, 2012, but it is dated January 24, 2012, the same day as Weber's filings. (Doc. 16, Ex. JJ)

On May 24, 2012, Weber petitioned the Arizona Court of Appeals for review. (Doc. 16, Ex. MM)  On August 31, 2012, the Court of Appeals denied his petition for review because it was filed more than 30 days after the Superior Court's final decision. (Doc. 16, Ex. NN)  Weber did not move for reconsideration or attempt to appeal this order. (Doc. 16, Ex. RR)

On February 18, 2014, Weber filed a Petition for Writ of Habeas Corpus in this Court, and on July 15, 2014, he filed an Amended Petition. (Doc. 1, 8)  Respondents were ordered to respond to the Amended Petition. (Doc. 11)  His Petition and Amended Petition raise claims of ineffective assistance of counsel, double jeopardy, excessive sentencing, and malicious prosecution. (Doc. 1, 8)  Weber does not raise any claims of actual innocence. (*Id.*)  Respondents contend that the Petition is untimely and that he is not entitled to equitable tolling. (Doc. 16)  The Court agrees and recommends that the Petition and Amended Petition be denied and dismissed with prejudice.

**Weber's Petition for Habeas Relief is Untimely.**

A state prisoner seeking federal habeas relief from a state court conviction is required to file the petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The period of limitations is statutorily tolled during the time in which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in the State courts. 28 U.S.C. § 2244(d)(2).  If a defendant is convicted pursuant to a guilty plea, then the first post-conviction proceeding is considered a form of direct review and the conviction becomes "final" for purposes of Section 2244(d)(1)(A) when the Rule 32 of-right proceeding concludes.  *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).") (internal quotation omitted); *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007) (conviction pursuant to plea agreement is final on expiration of the time for seeking Rule 32 relief).

The Superior Court gave Weber until March 2, 2012, to petition for review of the dismissal of his First Amended Petition for Post-Conviction Relief. He did not do so. Instead, he waited until May 24, 2012, to file a petition for review; the Court of Appeals denied his petition as untimely. The Court of Appeals' rejection of Weber's notice means that it "must be treated as improperly filed, or as though it never existed," such that "for purposes of section 2244(d), the pendency of that petition did not toll the limitations period." *Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 2011). Accordingly, Weber's one year limitations period began on March 5, 2012,[2] and he was required to file his habeas petition in this court by March 5, 2013. Instead, he filed his first habeas petition nearly one year later, on February 18, 2014. Therefore, as he acknowledges, his habeas petition is untimely.[3]

**Weber is Not Entitled to Equitable Tolling.**

Weber's habeas petition is untimely unless he can show that he is entitled to equitable tolling. To make such a showing, Weber must demonstrate both that he pursued his rights diligently and that some extraordinary circumstance prevented him from filing his petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Weber's Petition argues that his untimely petition should be allowed "because of the criminal justice systems environment and conditions." [sic] (Doc 1 at 11) Weber's Amended Petition expands on this argument and cites to a lack of legal resources or help from the state, the policies of the justice system, his work schedule, his transfer to another unit, and his issues with rest, noise, water, criminal neighbors, food, and exercise. (Doc. 8 at 11) He does not further develop these arguments and he does not explain why he was able to file 12 motions between May 2010 and May 2012, and then nothing again until February 2014. (Doc. 16, Exs. S, T, U, W, X, BB, DD, FF, HH, KK, LL, MM)

---

[2] The Superior Court's filing deadline of March 2, 2012, was a Friday.

[3] This conclusion does not change even assuming, as Respondents do, that Weber's tolling extended until the Arizona Court of Appeals summarily denied his petition on August 31, 2012. As Respondents note, if Weber's limitations bar began with the Court of Appeals' denial, his habeas petition would still be untimely.

These arguments do not show that Weber acted diligently or that he encountered some extraordinary circumstance and, thus, are not persuasive. *See, e.g., Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (habeas petition alleges delay from circumstances that "are hardly extraordinary given the vicissitudes of prison life, and there is no indication in the record that they made it 'impossible' for him to file on time."); *Norwood v. Lockyer*, 390 Fed.Appx. 762, 763 (9th Cir. 2010) (equitable tolling standard not met for circumstances that are ordinary for prison life); *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (habeas petitioner not entitled to equitable tolling because of limited library and copier access); *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

**IT IS THEREFORE RECOMMENDED** that Kevin Lee Weber's Petition and Amended Petition for Writs of Habeas Corpus be **denied and dismissed with prejudice**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the petition and amended petition are justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will

be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 15th day of April, 2015.

```
_____
David K. Duncan
United States Magistrate Judge
```